CAUSE NO. 201941564

RECEIPT NO.          0.00    CIV
\*\*\*\*\*\*\*\*\*       TR # 73638015

| PLAINTIFF: KERR, CONNELL<br>vs.<br>DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | In The   334th<br>Judicial District Court<br>of Harris County, Texas<br>334TH DISTRICT COURT<br>Houston, TX |
| --- | --- |

CITATION

THE STATE OF TEXAS
County of Harris

**COPY OF PLEADING PROVIDED BY PLTD.**

TO: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY MAY BE SERVED
    THROUGH CORPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620    AUSTIN TX  78701 - 3218
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>17th day of June, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of June, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>
WOELLNER, ANDREW AMBERG
3737  BUFFALO SPEEDWAY SUITE
1960
HOUSTON, TX 77098
Tel: (713) 963-8881
<u>Bar No.:</u> 24060850

*(seal: DISTRICT COURT OF HARRIS COUNTY TEXAS)*

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: DENMON, BRIANNA JANEL  3B5//11256379

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _8⁰⁰_ o'clock _A_.M., on the _27_ day of ___June___, _2019_.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____County, Texas

_____
Affiant

By _____
Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P         \*73638015\*

DELIVERED;
ON: _6/27/19_
BY: _TH_
@: _9:00 am_


**DEFENDANT'S
EXHIBIT A**

6/17/2019 4:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34438605
By: Nelson Cuero
Filed: 6/17/2019 4:32 PM

Cause No. _____

| | | |
|---|---|---|
| **CONNELL AND PRUDENCE KERR** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONWIDE PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **AND KRISTY STEPPS** | § | **_____ JUDICIAL DISTRICT** |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Connell and Prudence Kerr, (hereinafter referred to as "Plaintiffs"), and files their Original Petition against Defendants, Nationwide Property and Casualty Insurance Company and Kristy Stepps, and respectfully would show this Court as follows:

### PARTIES

1.      Plaintiff, Connell Kerr, is an individual residing in and owning property in Harris County, Texas.

2.      Plaintiff, Prudence Kerr, is an individual residing in and owning property in Harris County, Texas.

3.      Defendant, Nationwide Property and Casualty Insurance Company ("Nationwide") is an insurance company doing business in the State of Texas, which may be served with process by process sever, through Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

1

4.      Defendant, Kristy Stepps, is an individual residing in and domiciled in the State of Georgia. This defendant may be served via process server at 2011 Liberty Ct. NW, Unit 1503, Atlanta, Georgia 30318-9379.

## DISCOVERY LEVEL

5.      Plaintiff intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

6.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiffs are seeking monetary relief of less than $100,000. Plaintiffs reserve the right to amend this petition during and/or after the discovery process.

7.      The court has jurisdiction over Defendant, Nationwide, because this defendant engaged in the business of the insurance in the State of Texas, and Plaintiff's causes of action arises out of Nationwide's business activities in the State of Texas.

8.      The court has jurisdiction of Defendant, Stepps, because this defendant engaged in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

9.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

2

**FACTS**

10.     Plaintiffs are the owners of a property insurance policy ("the Policy") number 78 42 HO 488124 issued by Nationwide.

11.     Plaintiffs own the insured property located at 20011 Tilstock Drive located in Harris County (hereinafter referred to as "the Property").

12.     On or about April 18, 2016, a hail, wind, and lightning storm struck Harris County causing severe damage to homes and businesses throughout the region ("the Storm") including the Plaintiffs' Property.

13.     Plaintiffs timely submitted a claim to Nationwide for the damage the Property sustained to its roof, exterior, and interior because of the Storm. Nationwide acknowledged the claim and assigned it claim number 983970-gc. Plaintiffs requested that Defendants cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy.  Nationwide failed to fully honor the claim and pay the true cost to repair the covered loss.

14.     The Property was battered by hail and wind forces as well as a powerful lightning strike that caused severe damage. The Storm created openings through which water moisture was able to enter the dwelling and cause damage. Additionally, the lightning strike wreaked havoc among the Property's electrical system, appliances, the outdoor deck, and even a tree on the property. The doors and door framers were blown out leaving Plaintiffs' home exposed to the elements allowing further damage.

15.     On June 17, 2019, almost a full year following the storm, Nationwide issued payment to Plaintiffs. Nationwide acknowledged the covered damage from the Storm, but still undervalued and underpaid Plaintiffs' on the claim.

3

16.     Nationwide's adjuster, Kristy Stepps, conducted a prolonged outcome-oriented investigation with the goal of not covering the entire claim. Kristy Stepps inspected the Property on May 3, 2016. The roof evidenced a severe amount of hail damage that resulted in openings which led to interior water damage. Stepps wrote an estimate detailing damage but severely undervalued the claim.

17.     Nationwide failed to fully compensate Plaintiffs for their damage from the Storm. Separate and apart of the Storm on April 18, 2016 Plaintiffs' were affected by a sperate storm. On or about August 27, 2017, Hurricane Harvey struck the Property which blew off the roof vents, causing further damage from the Storm and allowed water to damage the insulation of the HVAC system.

18.     This unreasonable investigation led to Nationwide breaching its policy of insurance with Plaintiffs by refusing to tender benefits owed under the policy.

19.     Plaintiffs are excused from sending a demand letter under Tex. Ins. Code § 542(A) because of the impending Statute of Limitations.

## CAUSES OF ACTION

20.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I. Causes of Action Against Stepps

### A.     Noncompliance with the Texas Insurance Code: Unfair Settlement Practices

21.     Defendant Stepps's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code § 541.060(a).  All violations under this article are made actionable by Tex. Ins. Code § 541.151.

4

22.     Defendant Stepps is individually liable for their unfair and deceptive acts, irrespective of the fact that each was acting on behalf of Nationwide, because each is a "person" as defined by Tex. Ins. Code § 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." Tex. Ins. Code § 541.002(2) (emphasis added).  (See also *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

23.     Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; (4) unilaterally and inexplicably changing the basis for the damage to Plaintiffs' Property, and (5) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received.  Defendant Stepps' unfair settlement practices, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code § 541.060 (a)(1).

24.     Defendant Stepps' unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

5

liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code § 541.060(a)(2)(A).

25.     Defendant Stepps failed to explain to Plaintiffs the reasons for the offer or offers of an inadequate settlement.   Specifically, Defendant Stepps failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made.   Furthermore, Defendant Stepps did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code § 541.060(a)(3).

26.     Defendant Stepps' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code § 541.060(a)(4).

27.     Defendant Stepps did not properly inspect the Property and failed to account for and/or undervalued Plaintiffs' roof damage, although reported by Plaintiff to Nationwide. Defendant Stepp's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.   Tex. Ins. Code § 541.060(a)(7).

6

## II. Causes of Action Against Nationwide

28.     Nationwide intentionally breached its contract with Plaintiffs, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

29.     Nationwide breached the contract of insurance it had with Plaintiffs by its refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.  Plaintiffs were damaged by Nationwide's breach of contract.

### B.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

30.     Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

31.     Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

32.     Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

7

33.     Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

34.     Defendant Nationwide's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

35.     Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

**C.     Noncompliance with Texas Insurance Code:   Prompt Payment of Claims Statute**

36.     Plaintiffs are entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

37.     Nationwide failed to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

8

38.     Nationwide failed to notify Plaintiffs in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

39.     Nationwide delayed the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

**D.     Breach of Duty of Good Faith & Fair Dealing**

40.     Plaintiffs re-allege and incorporate each allegation contained in the above paragraphs as if fully set forth herein.

41.     Nationwide, as the property coverage insurer, had a non-delegable duty to deal fairly and in good faith with Plaintiffs in the processing of the claim. Nationwide breached this duty by refusing insurance benefits for a covered loss. Nationwide knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of this breach by Nationwide, Plaintiffs were forced to hire and attorney and has suffered legal damages.

**E.     Knowledge**

42.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

**CONDITIONS PRECEDENT**

43.     All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Nationwide.

**ATTORNEY'S FEES**

9

44.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Nationwide and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

45.     Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to The Texas Insurance Code.

## REQUEST FOR DISCLORE

46.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days if service of this request, the all information and material described in Rule 194.2(a)-(1). TEX. R. CIV. P. 194.2.

## RULE 193.7 NOTICE

47.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs herby give actual notice to Defendants that any and all documents and materials produced in response to written discovery or at a deposition may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

## DAMAGES

48.     The damages caused by the storm have still not been properly addressed or repaired because of the denial of policy benefits needed to make the repairs. This has caused further damage and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' claim.

49.     Plaintiff is entitled to the benefit of the bargain equal to the amount of Plaintiffs' claim together with attorney's fees.

50.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

## JURY DEMAND

51. Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

52.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

53.     Plaintiffs additionally request Defendants respond within fifty days to the discovery attached to this Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this court cite Defendants to appear and answer herein and that Plaintiffs have judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiffs be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiffs are justly entitled.

11

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:    */s/ Andrew A. Woellner* _____
       **Andrew A. Woellner**
       SBN:  24060850
       **Michael J. Bins**
       SBN:  24080792
       3737 Buffalo Speedway, Suite 1900
       Houston, Texas 77098
       Telephone (713) 963-8881
       Facsimile (713) 583-5388
       Emails: awoellner@potts-law.com
                mbins@potts-law.com

**ATTORNEYS FOR PLAINTIFFS**

12

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSIONS

COMES NOW Plaintiffs, Connell and Prudence Kerr, in the above-styled and numbered cause, and requests that Defendant(s) answer the following Interrogatories, Requests for Production, and Request for Admissions separately and fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service.  Serve answers to the requests on Plaintiffs by and through his/her attorney of record.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests for Production:

1.     "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests for production are addressed to in this case, and shall include past or present directors, officers, representatives, employees, agents, guardians, attorneys, or any other person or persons acting or purporting to act on your behalf, whether authorized to do so or not.

2.     "Any" includes the word "all" and "all" includes the word "any".

3.     The term "person" or "persons" shall mean all individuals and entities, including, but not limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, governmental entities, domestic or foreign, unincorporated associations, or any other form of business, governmental, public or charitable entity.

4.     Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural, wherever the effect of doing so is to increase the information in your responses.

5.     The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

6.     "Identify" or give the "identity of" means:

      i.     In the case of a person, to state such person's
          (1)     full name;
          (2)     last known home and business address and home and business telephone number;

13

    (3)    employer or business affiliation; and

    (4)    occupation and business position held.

ii.    In the case of a <u>document</u>, to state:

    (1)    the identity of the person or persons preparing it and the sender;

    (2)    its title or a description of the general nature of the subject matter;

    (3)    the identity of the addressee(s), if any;

    (4)    its date or dates of preparation;

    (5)    its date or dates and manner of distribution and publication, if any;

    (6)    the location of each copy and the identity of its present custodian;

    (7)    the type of document; and

    (8)    all characteristics by which that document might be distinguished from any other document.

iii.    In the case of a communication in the form of an <u>oral statement</u>, to state:

    (1)    the identity of the person uttering the oral statement;

    (2)    the place at which such oral statement was uttered;

    (3)    the date on which such oral statement was uttered;

    (4)    the identity of each person in whose presence or hearing such oral statement was uttered; and

    (5)    the substances of the oral statement.

7.    "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.    "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.    "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.    "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.    "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats,

14

microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are not in the possession, custody or control of Defendant. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed. If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident" and/or "occurrence", shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter. The information need not be admissible and personal knowledge is not required. Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     /s/ Andrew A. Woellner
        **Andrew A. Woellner**
        SBN: 24060850
        **Michael J. Bins**
        SBN: 24080792
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 583-5388
        Emails: awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**

15

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP

/s/ Andrew A. Woellner
**Andrew A. Woellner**

16

## INTERROGATORIES TO NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **ANSWER**

2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **ANSWER**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **ANSWER**

4. If you contend that some or all of the damages to the Property were not covered losses under the Policy, describe:
   a. The scope, cause, and origin of the damages you contend are not covered losses under the Policy, and
   b. The term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

   **ANSWER**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **ANSWER**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **ANSWER**

7. Please identify all documents and information requested from Plaintiffs at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiffs failed to provide upon Defendant's request.

17

**ANSWER**

8. If you contend Plaintiffs' damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

   **ANSWER**

9. Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

   **ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

    **ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

    **ANSWER**

12. State the Date Defendant first anticipated litigation.

    **ANSWER**

13. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property. If so, identify each item of damage.

    **ANSWER**

14. Identify all underwriting reports in Defendant's possession or control for the Property.

    **ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

18

**ANSWER**

16. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a.  The activities and work performed from the inception of the representation of Defendant through Present.
    b.  The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c.  The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

17. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

18. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

19. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

20. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

19

**PLAINTIFFS' REQUEST FOR PRODUCTION TO NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

1.     The following insurance documents issued for the Properties as identified in the Petition:

   a.     the policy at issue for the date of loss as identified in the Petition; and

   b.     the policy declarations page for the 2014, 2015, and 2016.

RESPONSE:


2.     Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:


3.     All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:


4.     All documents relating to any real property insurance claims made by Plaintiffs at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:


5.     All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.     All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of

this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:

7.     All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:

8.     All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9.     Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10.    To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.    A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to

21

applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.     All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.     All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.     If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:

22

17.    All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.    All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

22.    Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:

23

23.     For any consulting expert whose mental impressions or opinions have been reviewed by a
        testifying expert, all documents or tangible things that have been provided to, reviewed by,
        or prepared for any testifying expert.

RESPONSE:


24.     Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction
        of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25      All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and
        any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.     All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s)
        and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the
        time of Plaintiff' claim between Defendant and any person(s) and/or entity(ies) who the
        claim made the basis of the Lawsuit.

RESPONSE:


28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the
        claim made the basis of the Lawsuit regarding document retention policy in effect at the
        time of Plaintiff' claim.

RESPONSE:


29.     To the extent the claim involves rescinding of the policy, all documents regarding
        Defendant's standards for investigating and rescinding and/or voiding a policy.

24

RESPONSE:


30.     If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


31.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff' claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

32.     All claims handling manuals and/or guidelines that were in effect during Centauri's investigation of Plaintiff' claim.  This request is limited to manuals or guidelines related to wind/hail claims, First Party claims, and/or structural business claims.

RESPONSE:

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY

**REQUEST FOR ADMISSION NO. 1:** Admit that during the month of March, 2016, the Property sustained damage caused by a windstorm.

**REQUEST FOR ADMISSION NO. 2:** Admit that on during the month of March, 2016, the Property sustained damage caused by a hailstorm.

**REQUEST FOR ADMISSION NO. 3:** Admit that as of March 23, 2016, the Policy was in full force and effect.

**REQUEST FOR ADMISSION NO. 4:** Admit that as of March 23, 2016, all premiums were fully satisfied under the Policy.

**REQUEST FOR ADMISSION NO. 5:** Admit that the Policy is a replacement cost value policy.

**REQUEST FOR ADMISSION NO. 6:** Admit that the Policy is an actual cash value policy.

**REQUEST FOR ADMISSION NO. 7:** Admit that aside from the claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

**REQUEST FOR ADMISSION NO. 8:** Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**REQUEST FOR ADMISSION NO. 19:** Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection wit the Claim at issue.

**REQUEST FOR ADMISSION NO. 10:** Admit that Plaintiff timely submitted the Claim.

**REQUEST FOR ADMISSION NO. 11:** Admit that your decision to deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damage to the Property.

**REQUEST FOR ADMISSION NO. 12:** Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**REQUEST FOR ADMISSION NO. 13:** Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**REQUEST FOR ADMISSION NO. 14:** Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

**REQUEST FOR ADMISSION NO. 15:** Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

26

**REQUEST FOR ADMISSION NO. 16:**  Admit that you reinsured the risk under Plaintiff's Policy.

## **INTERROGATORIES TO DEFENDANT KRISTY STEOOS**

1.      Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

RESPONSE:

2.      Identify generally the training or experience You had in adjusting windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

RESPONSE:

3.      Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

RESPONSE:

4.      Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

RESPONSE:

5.      Identify the following dates:

     a.      The date You first obtained an adjuster license in the State of Texas;

     b.      The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

     c.      The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

     d.      The date You closed Your file on the claim made the basis of this Lawsuit; and

RESPONSE:

6.     Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

     a.     The name and job title of any person who inspected the Properties with You;

     b.     The date of each inspection;

     c.     The purpose of each inspection;

     d.     The length of time of each inspection;

     e.     The equipment or tools used during each inspection;

     f.     The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

     g.     Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


7.     Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiffs? If yes, provide the following information:

     a.     the date of such communication(s);

     b.     the manner of such communication(s);

     c.     the person to whom You communicated;

     d.     the reason for the communication(s);

     e.     for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

     f.     the general substance of the communication.

RESPONSE:

8.     Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiffs to such scope notes and/or photographs.

RESPONSE:


9.     For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:


10.    To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:


11.    Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:


12.    How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiffs' claim?

RESPONSE:


13.    Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

14.   Identify all documents or information You requested from Plaintiffs during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiffs who received the request.

RESPONSE:

15.   Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:

16.   To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:

17.   Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

## **REQUESTS FOR PRODUCTION TO DEFENDANT KRISTY STEPPS**

1.      All documents related to Plaintiffs, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:


2.      All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:


3.      All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:


4.      All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiffs' claim.

RESPONSE:


5.      All resumes for the last 5 years.

RESPONSE:


6.      All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the State of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:


32

7.      All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:


8.      To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


9.      To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


10.     All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:


11.     All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:


12.     All training manuals in effect at the time of Plaintiffs' claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:

33

13.    All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


14.    All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


15.    All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


16.    All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.    All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


18.    All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiffs' claim.

RESPONSE:


34

19.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:


20.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiffs' policy. This request is limited to the last 3 years.

RESPONSE:


21.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiffs' claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE: